FILED
2022 JAN 12 AM 10:07
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DUSTIN LANE PERSON, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER REJECTING DEFENDANT'S *LOUGHRIN* ARGUMENT, BUT GRANTING THE MOTION TO CONTINUE TRIAL AND TO EXCLUDE TIME FROM THE SPEEDY TRIAL CALCULATION <br><br> Judge Jill N. Parrish <br><br> Case No. 2:20-cr-00094-JNP |

On October 1, 2021, the court granted the most recent motion to continue the trial in this case. The court set the trial date for January 3, 2022 and excluded time from the speedy trial calculation until that date. On January 3, 2022, defendant Dustin Person filed a motion to strike the trial date and schedule a change of plea hearing at least 60 days out in order to give defense counsel time to gather additional mitigating evidence before Person changes his plea. On January 4, 2022, the court denied the motion to strike the trial date and ordered the parties to file a motion to continue the trial. On the same day, Judge Bennet set a change of plea hearing for March 22, 2022.

On January 7, 2022, Person filed a motion to continue the trial until April 22, 2022 and to exclude time from January 3, 2022 until that date. ECF No. 49. The government agrees with the requested continuance. Person first argued that the time between the date that he requested a change of plea hearing and the change of plea hearing itself—January 3, 2022 through March 22, 2022—is automatically excluded from the speedy trial calculation under *United States v. Loughrin*, 710 F.3d 1111, (10th Cir. 2013). Person further argued that that the time between March 22, 2022

and April 22, 2022 should be excluded under 18 U.S.C. § 3161(h)(7)(A) because the government will need time to prepare for trial if Person elects not to change his plea.

The court rejects Person's argument that *Loughrin* automatically excludes all time between a request to set a change of plea hearing and the hearing itself. The defendant in *Loughrin* requested that the court schedule change of plea hearing. *Id.* at 1117. There is no indication that he did anything other than request that the court set the hearing at its earliest convenience. The court set the hearing for 18 days after the request was made. The defendant did not change his plea at the first hearing and the court scheduled a second change of plea hearing to be held four days later. The defendant again decided against entering a guilty plea at the second hearing. The Tenth Circuit held that the 18 days between the date when the defendant requested a change of plea hearing and the first change of plea hearing was excludable under 18 U.S.C. § 3161(h)(1)(D), which excludes time from the speedy trial calculation for pretrial motions. *Id.* at 1120.

There is substantial doubt as to whether § 3161(h)(1)(D) would similarly operate to exclude the 78 days between the date when Person requested a change of plea hearing and the date when that hearing was set. Here, Person placed a condition upon his request to set a change of plea hearing. He requested that the hearing be set at least 60 days out because his attorney needed additional time to gather mitigation evidence. Presumably, Person wishes to know the outcome of this investigation before deciding whether to accept the government's current plea offer and change his plea. Thus, Person is asking to exclude more than the reasonable time necessary to schedule and hold a hearing. If all time between the date a change of plea hearing is requested and the date on which the hearing is ultimately held is automatically excludable, regardless of the length of the exclusion or the reason for the delay in holding the hearing, § 3161(h)(1)(D) would be converted into a loophole that parties could use to exclude an unlimited amount of time from

the speedy trial calculation.[1] Nothing in *Loughrin* suggests that the Tenth Circuit intended to stretch the § 3161(h)(1)(D) exclusion of time so far.

In sum, the court concludes that there is substantial doubt as to whether the Tenth Circuit would hold that all 78 days between the date the change of plea hearing was requested and the date when it is currently scheduled are excludable under *Loughrin* and § 3161(h)(1)(D). Accordingly, the court declines to exclude time under this rationale.

Person, however, has supplied the court with sufficient facts to justify an exclusion of time under § 3161(h)(7)(A). First, the court has entered a series of general orders excluding time until February 14, 2022 due to the current COVID-19 pandemic. *See* General Order 21-015 and General Order 22-002. For the reasons stated in these general orders, the time between January 3, 2022 and February 14, 2022 is excludable because conducting a trial would be impossible. *See* § 3161(h)(7)(B)(i). Second, the time between January 3, 2022 and March 22, 2022 is excludable to allow defense counsel time to conduct a mitigation investigation and to conduct plea bargain negotiations with the government. Where there is a reasonable chance that the defendant and the government can agree to a negotiated settlement of the pending charges, the interests of justice favor an exclusion of time to allow for such negotiations. *See id.* Third, if Person elects not to change his plea, both the government and defense counsel will undoubtedly need additional time to effectively prepare for trial. *See* § 3161(h)(7)(B)(iv). Thus, the time between March 22, 2022 and April 25, 2022 is also excludable. Accordingly, the ends of justice served by a continuance from January 3, 2022 to April 25, 2022 outweigh the best interests of the public and the defendant in a speedy trial. *See* § 3161(h)(7)(A).

---

[1] The court notes that in the past, counsel has attempted to set and reschedule a series of change of plea hearings in order to avoid the inconvenience of filing motions to justify exclusions of time under § 3161(h)(7)(A).

The court, therefore, ORDERS that the jury trial previously scheduled to begin on January 3, 2022, is hereby continued to April 25, 2022. The time between January 3, 2022 and April 25, 2022 is excluded from speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

Dated January 12, 2022.

BY THE COURT:

Jill N. Parrish
United States District Judge